# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ISAAC GRAY,

    Plaintiff,

v.

THE ATTORNEY GENERAL OF
THE STATE OF MARYLAND,

    Defendant.

Civil Action No.: CCB-19-3432

## MEMORANDUM

On November 27, 2019, plaintiff Isaac Gray filed the above-captioned civil rights complaint along with motions to proceed in forma pauperis, for appointment of counsel, and for summary judgment. (ECF 1–ECF 4). On December 4, 2019, Gray filed a supplement to the complaint. (ECF 5). Because he appears indigent, Gray's motion to proceed in forma pauperis (ECF 2) shall be granted. The remaining motions shall be denied as the complaint must be dismissed.

Although captioned as a complaint pursuant to 42 U.S.C. § 1983, it is clear the complaint is simply Gray's attempt to re-hash the matters raised in a prior petition for writ of habeas corpus. The original complaint consists of documents Gray appears to have obtained through a Freedom of Information Act request (ECF 1), while the motion for summary judgment and the supplement raise arguments regarding the validity of the decision issued in Gray's post-conviction case by the Circuit Court for Howard County. (ECF 4 and 5). Gray asserts that the state court "refused to adhere to the 'mandatory requirement' of Criminal Law § 3-303(e)" providing 30 days' notice before trial when the State intends to seek a sentence of 25 years or more (ECF 5 at 1); that the

failure to provide that notice makes his 1985 sentence of natural life illegal (*id* at 2); that the state court failed to consider his *Brady* claim (*id.*); that the state court improperly denied his motion to correct illegal sentence when it simply stated he should have raised it previously (*id.* at 3); that the State's Attorney Michael Rexroad and F.B.I. agent Michael Malone engaged in an "extra-judicial conspiracy to convict him based on perjured testimony" (*id.* at 4); and that due to the misconduct of Rexroad and Malone, absolute immunity is unavailable as a defense (*id.* at 4-8). The relief sought by Gray is appointment of counsel, an evidentiary hearing, unspecified damages, and a new sentencing proceeding. (*Id.* at 9–10).

In *Gray v. Stouffer, et al.*, Civil Action CCB-15-29 (D. Md. 2016) ("*Gray I*"), this court denied Gray's petition for writ of habeas corpus in an eighteen-page opinion issued on October 28, 2016. (*Id.*, ECF 44). Gray raised issues regarding hair identification, conspiracy, perjured testimony by the state's witness, and actual innocence. (*Id.*). This court denied the petition after finding no error in the state court's analysis of the claims raised, given the evidence produced at trial which indicated Gray's guilt of the offense and two subsequent instances of Gray admitting his guilt in writing. Gray appealed this court's decision to the Fourth Circuit Court of Appeals (*id.*, ECF 46) and this court's decision was affirmed (*id.*, ECF 49, ECF 50).

With the exception of Gray's general, unspecified request for monetary damages, the pending complaint concerns the matters already considered by this court in the context of *Gray I*. Thus the complaint is, in all relevant respects, a successive petition for writ of habeas corpus, requiring its dismissal. Under 28 U.S.C. § 2244, a petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The pending complaint, to the extent it seeks review of the validity of Gray's

conviction and sentence, is a successive petition. Before this court may consider it, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing the court to do so.[1] *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997). Because it does not appear that Gray has complied with this "gatekeeper" provision, this complaint, to the extent it is actually an application for habeas corpus relief, must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

To the extent that the complaint may be construed as one appropriately filed under § 1983, the claims asserted are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed). Gray may not raise claims against unspecified defendants[2] for monetary damages where proof of the claims would impact on the validity of his criminal conviction. It is clear that the claims asserted are exactly the sort of claims envisioned by *Heck*'s prohibitive language. The complaint shall therefore be dismissed without prejudice by separate order which follows.

12/10/19
Date

CCB
Catherine C. Blake
United States District Judge

---

[1] The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition. It is to be emphasized that petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

[2] The only named defendant in the complaint is the Attorney General for the State of Maryland. Gray makes no specific allegation against the defendant.

3